**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOMINICK R. VOSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHARON TERESA EWTON, KENNETH FRANK, and FREDERIC W. FRANK, III, | ) ) |
| | ) |
| Defendants. | ) No. 16-cv-00190 |
| _____ | ) |
| | ) |
| SHARON TERESA EWTON, KENNETH FRANK, FREDERIC W. FRANK, III, and MATTHEW G. SMITH, | ) ) |
| | ) |
| Counter-Plaintiffs, | ) |
| v. | ) |
| | ) |
| DOMINICK R. VOSO and PURSUIT BEVERAGE COMPANY, LLC, | ) ) |
| | ) |
| Counter-Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is the motion of Counter-Plaintiffs Sharon Teresa Ewton ("Ewton"), Kenneth Frank ("Ken Frank"), Frederic W. Frank, III ("Rick Frank"), and Matthew G. Smith ("Smith") (collectively, "Counter-Plaintiffs") to enforce the settlement agreement entered into with Counter-Defendants Dominick R. Voso ("Voso") and Pursuit Beverage Company, LLC ("Pursuit"). (R.116). For the reasons set forth below, the Court grants Counter-Plaintiffs' motion and orders Counter-Defendants to make the final payment due and owing under the settlement agreement within 30 days hereof.

# BACKGROUND[1]

This action arises from an equity stake dispute between Voso, the managing member of Pursuit, and certain of Pursuit's former creditors, investors, and/or employees – namely, Ewton, Ken Frank, and Smith. In January 2016, Voso filed this action against Ewton, Ken Frank, and Rick Frank, seeking a declaration with respect to the ownership and management of Pursuit, among other relief. Voso also brought a claim under the Computer Fraud and Abuse Act, alleging that "Ewton, [Ken] Frank, and at least one other individual violated 18 U.S.C. § 1030(a) by unlawfully and without authorization intentionally accessing Voso's computer and the laptop [Ken] Frank used during his employment with Pursuit [and] obtaining information from those computers[.]" (R.1, Compl. ¶ 42). Defendants, in turn, denied these allegations and counterclaimed—along with Smith—against Voso and Pursuit for violations of the Illinois Limited Liability Company Act, fraud, breach of fiduciary duty, unjust enrichment, an accounting, and a demand for records. (R.17).

In February 2016, Counter-Plaintiffs filed an emergency motion for the appointment of a receiver over Pursuit, claiming that Voso had mismanaged the company. (R.14). After a two-day evidentiary hearing, the Court denied the motion for a full receivership, but directed Counter-Defendants to institute specific remedial measures for the pendency of the litigation. (R.84). On May 10, 2016, the Court held a settlement conference in chambers, during which the parties reached a settlement. (R.80, R.95). At that time, the Court stated on record—with party agreement—the terms of the settlement, which included the payment of a sum certain by Counter-Defendants to Counter-Plaintiffs by December 15, 2016. The parties further agreed to formalize the settlement via a written settlement agreement, triggering payment dates moving

---

[1] The Court refers to its Memorandum Opinion and Order on Counter-Plaintiffs' receivership motion for a more detailed description of the factual background of this action. (R.84).

forward. The Court, meanwhile, "den[ied] as moot without prejudice all pending motions," noting, "[i]f things fall apart, they will get reinstated." The Court then scheduled a status hearing for June 21, 2016, "just to make sure everything is working, and then we will go from there."

Between the May 10, 2016 settlement conference and the June 21, 2016 status hearing, the Court denied in full Counter-Plaintiffs' motion for a determination on a settlement provision. (R.97, R.106). At the June 21, 2016 status hearing, the Court denied, in large part, Counter-Defendants' motion to enforce the settlement agreement concerning the return of certain property, directing Counter-Plaintiffs' counsel, nonetheless, to destroy certain documents pursuant to their general retention policy "once the case is over and done with and payment has been received and it's final, final[.]" (R.109, R.113). The Court then entered the following minute entry:

> Status hearing held on 6/21/2016. Plaintiff's motion to enforce settlement agreement [R.109] is denied in large part and granted to the extent the defendants should file an amended certification by 6/27/16 as directed in open court. The Court hereby dismisses this case without prejudice until 1/9/17. After 1/9/17, the dismissal will be with prejudice. Defendants should file confirmation with the court after receiving final payment under the terms of the settlement agreement. Civil case terminated.

(R.113).

On December 15, 2016, Counter-Plaintiffs filed the present motion to enforce, claiming that Counter-Defendants have failed to meet their "final obligation" under the settlement agreement. (R.116 at ¶¶ 7-9). Counter-Plaintiffs now request that, "in addition to enforcing the settlement agreement, this Court award [them] the fees and costs associated with bringing this motion, and any applicable interest." (*Id.*). On December 20, 2016, the Court set a briefing schedule and extended the case dismissal without prejudice pending the resolution of the present motion. (R.122).

3

**LEGAL STANDARD**

A district court has "the inherent or equitable power summarily to enforce an agreement to settle a case pending before it." *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). If a case has been dismissed with prejudice, however, "it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction." *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007); *see also Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). In such an instance, "[a] disagreement about whether parties to a settlement have honored their commitments is a contract dispute" which "cannot be adjudicated in federal court unless there is an independent basis of subject-matter jurisdiction, such as diversity." *See Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015). Federal courts enforce settlement agreements by reference to state contract law. *See Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016) ("State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements"); *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11 C 4462, 2014 WL 4724387, at *4 (N.D. Ill. Sept. 23, 2014) ("A settlement agreement is a contract and as such, the construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally").

**ANALYSIS**

**I.     The Court Has Jurisdiction to Enforce the Settlement Agreement**

Counter-Defendants first argue that the Court did not retain jurisdiction to enforce the settlement agreement. (R.124, Response Br. at 5-6). The Court, however, dismissed this case without prejudice on June 21, 2016, and has extended that "without prejudice" disposition through the present date. (R.113, R.122). In addition, the Court's oral, on-record statements at

4

the May 10, 2016 settlement conference and the June 21, 2016 status hearing—including "[i]f things fall apart, they will get reinstated," and "I'm going to direct you once the case is over and done with and payment has been received and it's final, final, that [counsel] should destroy these documents"—belie any notion that it has relinquished jurisdiction over this case.  Under Seventh Circuit law, "[a]ll that is necessary is that it be possible to infer that [the district judge] did intend to retain jurisdiction—that he did not dismiss the case outright, thereby relinquishing jurisdiction."  *See McCall-Bey v. Franzen*, 777 F.2d 1178, 1188 (7th Cir. 1985).  Here, the record plainly permits such an inference.

Contrary to Counter-Defendants' suggestion, this case does not involve a district court "at once relinquishing jurisdiction by dismissing a suit with prejudice and retaining jurisdiction." *Shapo v. Engle*, 463 F.3d 641, 646 (7th Cir. 2006).  Counter-Defendants' cited authorities—each involving a dismissal *with prejudice*—are therefore not instructive here.  *See Natkin v. Winfrey*, No. 1:99-CV-05367, 2015 WL 8484511, at *3 (N.D. Ill. Dec. 8, 2015) ("The dismissal order is unequivocal. It states: 'Pursuant to the stipulation to dismiss filed by the parties on 9/21/00, this case is dismissed with prejudice'"); *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005) ("The case ended when Judge Pallmeyer dismissed the case with prejudice, which, in her own words, rendered the dispute 'finally and fully resolved'"); *McCall-Bey*, 777 F.2d at 1182, 1185 (where the parties agreed to a voluntary stipulation of dismissal under Rule 41(a)(1)(ii) with the language: "Said dismissal shall be with prejudice and without costs," the Seventh Circuit noted, "If indeed the case was dismissed under Rule 41(a)(1)(ii), the plaintiff could not later complain to the court that the dismissal had been premised on a settlement agreement that the defendant had violated, and ask the court to order the defendant to abide by the agreement"). Although the Court's June 21, 2016 minute entry reflected the phrase, "[c]ivil case terminated,"

5

alongside the "without prejudice" disposition, such an entry is "essentially a means of docket control[.]" *See Freeman v. Godinez*, No. 96 C 6265, 2001 WL 243413, at *1 (N.D. Ill. Mar. 12, 2001). The Court, in other words, did not enter a final dismissal order, whereupon "the case would be over and dismissal with prejudice appropriate." *Shapo*, 463 F.3d at 643.

In addition, Counter-Defendants have cited no authority for the proposition that district courts must use the phrase, "with leave to reinstate," in order to retain their settlement enforcement authority. *See United States v. Ligas*, 549 F.3d 497, 502 n.2 (7th Cir. 2008) (making, in a footnote, "[a]n additional observation about the statute-of-limitations issue"). To the contrary, as the Seventh Circuit has indicated, "the district court need not use any magic form of words to retain jurisdiction[.]" *See Matter of VMS Sec. Litig.*, 103 F.3d 1317, 1321-22 (7th Cir. 1996) (citing *McCall-Bey*, 777 F.2d at 1188), *abrogated on other grounds by Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983 (7th Cir. 2010). Consistent with these cases, the Court dismissed the case without prejudice and made additional statements regarding the reinstatement of pending motions "[i]f things fall apart." This language was sufficient to retain enforcement jurisdiction under Seventh Circuit law. *See id.* ("all that is necessary is that it be possible to infer that [the court] did intend to retain jurisdiction"); *see also Lynch*, 279 F.3d at 489 ("A settlement agreement, unless it is embodied in a consent decree or some other judicial order *or unless jurisdiction to enforce the agreement is retained* (*meaning that the suit has not been dismissed with prejudice*), is enforced just like any other contract") (emphasis added); *Cent. Laborers Pension Fund v. Taxman Retaining Walls, Inc.*, No. 04-CV-417-DRH, 2005 WL 2297534, at *2 (S.D. Ill. Sept. 21, 2005) ("the Court has retained jurisdiction as the matter was not dismissed with prejudice").

Last, Counter-Defendants argue that the Court lacks independent subject-matter jurisdiction over the present motion. (R.124, Response Br. at 8-11). The Court has original jurisdiction over this case, however, by virtue of Plaintiff's own federal claim (R.1, Compl. ¶ 5), and, as discussed above, the Court retained jurisdiction to enforce the settlement agreement.[2] A separate basis of subject-matter jurisdiction, thus, is not required here. *See United States v. Orr Const. Co.*, 560 F.2d 765, 769 (7th Cir. 1977) ("the court's jurisdiction to enforce a settlement agreement must derive from its original jurisdiction over the complaint"); *Morisch v. United States*, 709 F. Supp. 2d 672, 675 (S.D. Ill. 2010) ("As a predicate to enforcing a settlement agreement . . . a district court must either have retained jurisdiction to enforce the agreement *or* possess an independent basis for federal subject matter jurisdiction with respect to disputes regarding the agreement") (emphasis added); *Jones*, 778 F.3d at 573-74 (discussing the same). The Court, in short, has jurisdiction to enforce the settlement agreement.

## II. The Settlement Agreement Is Enforceable

"State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements." *Beverly*, 817 F.3d at 333. The settlement agreement in this case provides for Illinois law.[3] Under Illinois law, a valid settlement agreement requires an offer, an acceptance, and consideration. *See Pompeo v. Exelon Corp.*, No. 12 C 10098, 2014 WL 642756, at *2 (N.D. Ill. Feb. 19, 2014). In addition, a settlement agreement is enforceable if

---

[2] Counter-Defendants further question whether diversity jurisdiction exists with respect to the counterclaims, insofar as Counter-Plaintiffs added Pursuit as a Counter-Defendant, added Smith as a Counter-Plaintiff, and alleged that they were members in Pursuit. *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("we have held that limited liability companies are citizens of every state of which any member is a citizen"). The Court need not, however, determine this issue at this time, especially where supplemental jurisdiction may be available. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties").

[3] The Court finds it necessary to review the terms of the settlement agreement (filed under seal at R.110-4) in order to resolve the present motion. *See First Am. Bank v. Cardinal Res., LLC*, No. 13 C 3317, 2015 WL 2183145, at *1 (N.D. Ill. May 8, 2015).

7

there was a meeting of the minds or mutual assent as to all material terms, and such terms are definite and certain. *See Beverly*, 817 F.3d at 333; *see also Coldwell Banker Real Estate LLC v. Centanne*, No. 10 C 2299, 2010 WL 4313766, at *2 (N.D. Ill. Oct. 25, 2010).

Here, Counter-Defendants do not dispute the basic facts surrounding the formation of the settlement agreement. In particular, the parties reached the terms of a settlement during the May 10, 2016 settlement conference, after which the Court recited, on record, the terms to which the parties had agreed. Both sides had the opportunity to object to the Court's recitation of those terms. In addition, both sides had the opportunity to clarify such terms while drafting the formal settlement agreement. Having participated in the settlement conference and having reviewed the executed settlement agreement, the Court concludes that the settlement agreement constitutes a valid and enforceable contract. *See Beverly*, 817 F.3d at 333 ("Under Illinois law, the existence of a valid and enforceable contract is a question of law when the basic facts are not in dispute"); *Coldwell Banker Real Estate Corp. v. L.T.R.C., LLC*, No. 05 C 2492, 2007 WL 118227, at *3 (N.D. Ill. Jan. 11, 2007) ("the Settlement Agreement plainly constitutes a binding contract between Coldwell Banker, on the one hand, and Franchisee and Long, on the other").

Although Counter-Defendants decry the lack of specificity with which Counter-Plaintiffs framed their publicly-filed motion (R.124, Response Br. at 2), they do not point to any "dispute" or "ambiguity" concerning: (i) the materiality of the "settlement payment" term; (ii) their failure to pay the remaining balance by December 15, 2016, as required under such term; and/or (iii) the remaining amount due under such term. An evidentiary hearing, thus, is not required to enforce the settlement agreement.[4] *See Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 449 (7th Cir. 2004) ("Although a district court has the inherent authority to summarily

---

[4] Counter-Defendants' generalized, undeveloped assertion concerning Counter-Plaintiffs' purported "non-compliance" with the settlement agreement does not bar its present enforcement. (R.124, Response Br. at 6-7).

8

enforce a settlement agreement, when the existence or terms of a settlement agreement are in dispute, the district court should hold an evidentiary hearing to resolve the disputes or ambiguities"); *Craftwood*, 2014 WL 4724387 at *4 ("If there are disputed material facts, the district court should hold an evidentiary hearing. Where the record points to only one conclusion, however, the court need not hold a hearing"). Accordingly, the Court holds that the parties entered into a valid, enforceable settlement agreement. *See Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 509 (7th Cir. 2007).

The Seventh Circuit has "expressed no doubt of the power of a district judge to dismiss a lawsuit conditionally, retaining jurisdiction to effectuate terms of settlement agreed to by the parties." *McCall-Bey*, 777 F.2d at 1188; *see also White v. Adams*, No. 08-2801, 2009 WL 773877, at *1 (7th Cir. Mar. 25, 2009) ("Where . . . a district court dismisses a settled suit without prejudice, it may, as here, expressly retain ancillary jurisdiction for a time-limited motion to enforce the settlement"); *Matter of VMS Sec. Litig.*, 103 F.3d at 1322 ("Although the [Supreme] Court in *Kokkonen* ultimately held that a district court does not have the inherent power to enforce a settlement agreement when its final order does nothing more than dismiss the suit [with prejudice] . . . when a lower court reserves its power to enforce a settlement, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist").[5] Here, the Court—in the exercise of its inherent powers— grants Counter-Plaintiffs' motion to enforce the settlement agreement and orders Counter-Defendants to make the final payment due and owing thereunder within 30 days hereof.[6] The

---

[5] The Seventh Circuit has indicated that, alternatively, "the terms of a settlement can be embodied in an order dismissing the lawsuit, which would allow that order to serve as an enforceable injunction." *Balshe LLC v. Ross*, 441 F. App'x 395, 396 (7th Cir. 2011) (citing Federal Rule of Civil Procedure 65 and *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir.2006)).

[6] Indeed, Counter-Defendants previously recognized the Court's inherent enforcement authority, requesting that the Court "order defendants and counter-plaintiffs to comply with their obligations under Paragraph 3 of the [settlement]

9

Court strikes the status hearing set for February 1, 2017, resets that hearing to March 23, 2017, and extends the case dismissal without prejudice through April 24, 2017, expressly retaining its ancillary jurisdiction. At this time, the Court declines to enter final judgment in this case and/or to award costs and fees associated with the present motion.

## CONCLUSION

For the foregoing reasons, the Court grants Counter-Plaintiffs' motion to enforce the settlement agreement and orders Counter-Defendants to make the final payment due and owing thereunder within 30 days hereof. (R.116).

**Dated:** January 25, 2017

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge

---

agreement." (R.109 at 1, 7). As noted above, the June 21, 2016 dismissal without prejudice did not alter such authority.